IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VIRGIL BARCLAY, | ) | |
| | ) | Civil Action No. 15 – 362 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| JAYME GARDNER, | ) | |
| | ) | ECF No. 2 |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Presently before this Court is Defendant's Motion to Dismiss that was converted into a Motion for Summary Judgement on May 18, 2015. (ECF No. 2.) For the reasons set forth below, the Motion will be granted and Plaintiff's Complaint will be dismissed with prejudice.

**A. Background**

Plaintiff, Virgil Barclay (hereinafter referred to as "Plaintiff"), initiated the instant prisoner civil rights action in the Court of Common Pleas of Greene County at 911 AD 2014, on or about December 18, 2014, with the filing of a Petition to Proceed *in forma pauperis*.[1] His Petition to Proceed *in forma pauperis* was granted by order dated December 30, 2014, and thereafter Deputy Sheriffs personally served the Writ of Summons on Defendant Jayme Gardner (hereinafter referred to as "Defendant") on January 8, 2015. Plaintiff's Complaint was filed with the Greene County court on or about January 26, 2015. Defendant was served with the Complaint on February 28, 2015.

---

[1] This Court takes judicial notice of the docket entries in Virgil Barclay v. Jayme Gardner, CA No. AD-911-2014 (Ct. Com. Pl. of Greene County). *See*, *e.g.*, Mar Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1200 n.3 (3d Cir. 1991).

1

Defendant removed this action to this Court by Notice of Removal filed on March 18, 2015, pursuant to 28 U.S.C. §§ 1441 and 1446. (ECF No. 1.) Shortly thereafter, Defendant filed a Motion to Dismiss (ECF No. 2) that was converted into a Motion for Summary Judgment by order dated May 18, 2015 (ECF No. 4). Plaintiff filed a response in opposition on June 2, 2015 (ECF No. 7) and also filed a document on June 16, 2015 titled "Plaintiff's Objection and Non-Refusal to Process" (ECF No. 8) wherein he seeks resolution of a motion for entry of default judgment that he contends is still pending before the Greene County court. For the following reasons, Defendant's Motion will be granted and this action will be dismissed for Plaintiff's failure to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act.

### B. State Court Proceedings and Subsequent Removal to Federal Court

As an initial matter, Plaintiff appears to believe that he is entitled to entry of default judgment against Defendant because the Defendant did not file a timely response to his Complaint when this case was still in the Greene County Court of Common Pleas. As a result of this alleged default, Plaintiff believes that the removal of this case to federal court was improper.

First, Plaintiff is incorrect in his belief that Defendant defaulted when this matter was still in state court. Defendant was served with the Complaint on February 28, 2015, and timely removed this case to federal court on the basis of federal question jurisdiction. Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days after receipt of the defendant, through service or otherwise, of a copy of the initial pleadings. *See* Murphy Bros. v. Michetti Pipe Stinging, 526 U.S. 344, 348 (1999) (holding that the time to remove is triggered by "receipt of the complaint, 'through service or otherwise' after and apart from service of the summons . . . ."); Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 223 (3d Cir. 2005) (stating that in Murphy Bros., the Supreme Court interpreted "initial pleading" to mean "complaint" so a writ

of summons alone can no longer be the "initial pleading" that triggers the 30-day period for removal); Di Loreto v. Costigan, 351 F. App'x 747, 751 (3d Cir. 2009) ("[T]he removal period for a defendant does not begin to run until that defendant is properly served or until that defendant waives service."). In this case, Defendant had until March 30, 2015, thirty days after he was served with the Complaint, to file for removal. Defendant filed the Notice of Removal on March 18, 2015, well within the statutory period. Thus, there was no default as Plaintiff suggests.

Plaintiff also states that there is a motion for default judgment that he filed on or about March 2, 2015 that is still pending in the state court. While Plaintiff did file two motions for default judgment, one docketed on March 2, 2015 and the other docketed on March 31, 2015, his complaint was subsequently dismissed on April 28, 2015, for lack of a justiciable cause of action and lack of subject matter jurisdiction. Plaintiff filed a motion for reconsideration of that order, but that was denied on May 21, 2015. Thus, there are no motions currently pending in state court.

### C. Failure to Exhaust Administrative Remedies

As to Defendant's Motion to Dismiss that was converted into a Motion for Summary Judgment, Defendant argues that Plaintiff's Complaint should be dismissed because Plaintiff failed to comply with the exhaustion requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), which requires prisoners, as that term is defined in the statute, to exhaust their administrative remedies prior to filing suit under 42 U.S.C. § 1983 with respect to prison conditions. Specifically, the PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title by a prisoner confined in jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Id.  The United States Supreme Court has held "that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes."  Porter v. Nussle, 534 U.S. 516 (2002).  Furthermore, exhaustion is mandatory and no case may be brought until the inmate-plaintiff has exhausted all available administrative remedies.  See Booth v. Churner, 532 U.S. 731, 739 (2001).  Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies prior to filing the action.  See Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").

The PLRA also mandates that inmates "properly" exhaust their administrative remedies before filing suit in federal court.  Woodford v. Ngo, 548 U.S. 81, 93 (2006).  Proper exhaustion requires the prisoner to identify the issue or claim and future defendant in the operative grievance or else the grievance is procedurally defective as to that issue, claim or future defendant.  See Spruill v. Gillis, 372 F.3d 218, 234 (3d Cir. 2004).  Additionally, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Woodford, 548 U.S. at 90-91.  Such requirements "eliminate unwarranted federal-court interference with the administration of prisons, and thus seek[] to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'"  Id. at 93 (quoting Porter, 534 U.S. at 525).

Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal."  Id. at 83; see also Spruill, 372 F.3d at 228-29 (utilizing a procedural default analysis to reach the same conclusion).  Courts have concluded that inmates who fail to fully, or timely, complete the prison grievance process are barred from

subsequently litigating claims in federal courts.  *See*, *e.g.*, Booth, 206 F.3d 289; Bolla v. Strickland, 304 F. App'x 22 (3d Cir. 2008); Jetter v. Beard, 183 F. App'x 178 (3d Cir. 2006).

Plaintiff raises three counts in this Complaint, all alleging a violation of his right to access the court under the First Amendment.  Specifically, he claims that his right has been violated because (1) he is being denied adequate access to the law library; (2) the Defendant has willfully failed to take corrective action after receipt of two Notices of Intent to Sue; and (3) the Defendant's inability to run a law library has hindered his ability to adequately litigate his cases.

While Plaintiff did file two grievances which relate to the issues that he presents in his Complaint, he did not *specifically* grieve any of the issues presented in his Complaint.  *See* ECF No. 3-1 at pp.2-3, Def.'s Ex. A, Decl. of Tracey Shawley.  In Grievance # 526495, Plaintiff claimed that he had "lost" library time as he switched his days in order to accommodate a prison visit.  *See* ECF No. 3-1 at pp.6-7, Def.'s Ex. B.  However, he withdrew the grievance on September 12, 2014, after he was allotted time on Saturday September 6, 2014.  Id. at p.5.  Because the grievance was withdrawn it was not litigated to final review.  Also, in Grievance # 536622, filed on November 18, 2014, Plaintiff claimed that he was denied by Defendant the ability to make copies in the library under indigent status for a case that was yet to be filed.  *See* ECF No. 3-1 at pp.11-12, Def.'s Ex. C.  Plaintiff claimed that this was done in retaliation for a lawsuit that he intended to file against Defendant.  Id.  However, this grievance was not appealed from the initial review and was not litigated to final review.  Id. at pp.9-10.

Additionally, Plaintiff failed to exhaust all of the grievances that he did file during the time period identified in the Complaint.  *See* Def.'s Ex. A.  Plaintiff states that he did not use the DOC's grievance system to complain about the issues in his Complaint because the grievance system is a "sham" and does not provide an "adequate remedy".  *See* ECF No. 1-1 at p.2, Pl.'s

5

Compl. at ¶ 8. Instead, he gave the Defendant written notice of the problems through a Notice of Intent to Sue and sought recourse in the courts after Defendant failed to respond. Id.

To the extent Plaintiff argues that he failed to pursue his administrative remedies because to do so would have been futile, the Third Circuit Court of Appeals has specifically stated that there is no "futility" exception to the PLRA's mandatory exhaustion requirement. See Nyhuis, 204 F.3d at 71. As stated by the Third Circuit, "it is beyond the power of the court – or any other – to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Id. at 73 (quotation omitted). Therefore, to the extent Plaintiff alleges that exhaustion would have been futile, the Court rejects this claim.[2]

For the aforementioned reasons, Defendant's Motion will be granted and Plaintiff's Complaint will be dismissed with prejudice. An appropriate Order follows.

Dated: October 19, 2015

_____
Lisa Pupo Lenihan
United States Magistrate Judge


cc: Virgil Barclay
BM9109
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

Counsel of record
*Via CM/ECF Electronic Mail*

---

[2] The Third Circuit has excused the failure to exhaust in limited circumstances when the grievance procedure is unavailable to the prisoner. See, e.g., Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002) (prison officials' instruction that plaintiff must delay filing grievance would render the grievance procedure unavailable); Camp v. Brennan, 219 F.3d 279, 280-81 (3d Cir. 2000) (correctional officers impeding plaintiff's ability to file a grievance renders grievance procedure unavailable). However, this was not the situation in this case.

6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VIRGIL BARCLAY, | ) | |
| | ) | Civil Action No. 15 – 362 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| JAYME GARDNER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW**, this 19th day of October, 2015, after consideration of the briefs and documents filed in this case,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss that has been converted into a Motion for Summary Judgment (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is dismissed with prejudice for his failure to exhaust his administrative remedies as required by the PLRA.

**IT IS FURTHER ORDERED** that "Plaintiff's Objection and Non-Refusal to Process" (ECF No. 8) is **DENIED** to the extent he requests this Court to resolve a motion for default that he believes is still pending in the Greene County Court of Common Pleas.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal from this Order a notice of appeal, as provided in Fed. R. App. P. 3, must be filed with the Clerk of Court, United States District Court,

at 700 Grant Street, Room 3110, Pittsburgh, PA 15219, within thirty (30) days.

_____
Lisa Pupo Lenihan
United States Magistrate Judge


cc: Virgil Barclay
BM9109
SCI Greene
175 Progress Drive
Waynesburg, PA  15370

Counsel of record
*Via CM/ECF Electronic Mail*